## Jake McKinney v. The State.

No. 3180. Decided April 18, 1906.

**1.—Murder in First Degree—Evidence—Res Gestae—Declarations and Acts of Defendant.**

On trial for murder the State was permitted to prove that on the night of the homicide, and prior thereto, defendant and another person were talking at a certain place and in conversation called the name of M., who being near by and hearing his name called started towards defendant and said, "What is that about M. ?" Defendant answering "You have been talking about ladies of this town, and have talked about the Walker boys, and you have got to leave this town," M. replying, "You are a liar"; that then defendant slapped M. in the face and said, "Hike," and that M. ran in the direction of W. and M.'s restaurant and defendant shot at him twice with a pistol as he ran off. In this connection it had been shown that defendant had previously threatened to run said M., the deceased, and his brother out of town, or he would kill them. Held res gestæ and admissible.

**2.—Same—Evidence—Animus—Conspiracy.**

Upon a trial for murder there was no error to permit the State to show the animus actuating a person acting with the defendant in the commission of the homicide by testimony of ill feeling existing between said person and the deceased prior thereto; the evidence showing that the parties were acting together at the time of the homicide. Besides the bill of exceptions did not show what the character of this animus was.

**3.—Same—Evidence—Bill of Exceptions—Declaration of Defendant.**

Upon a trial for murder where the State was permitted to prove a declaration of the defendant made prior to the homicide some two hours, while others were holding his arms, to the effect that if they had let him alone he would have killed all of them; and the trial judge certified that this evidence was admitted to show that defendant had just had trouble with deceased and another, to show the state of defendant's feeling toward deceased, and that this statement had been made by defendant after a gun had been taken from him. Held that said statement comprehended the deceased; although the bill of exceptions did not disclose this fact.

**4.—Same—Evidence—Co-Conspirator—Arms.**

On trial for murder it was competent for the State to show that the witness

sold a pistol to a person who acted together with the defendant in the homicide, and it made no difference where he got it, or whether he surrendered it to the sheriff or the latter took it from him.

**5.—Same—Charge of Court—Principals.**

On a trial for murder where the court's charge defining the law of principals was in accordance with the statutes and applicable to the case, there was no error.

**6.—Same—Refused Charge—Intent to Alarm—Principals.**

On trial for murder where the evidence showed that the defendant and one P. were acting together, and fired in the direction of the deceased and where he was ultimately killed, and kept up firing until they exhausted their ammunition, and then returned for more ammunition and continued firing until they killed deceased, there was no error in refusing a special charge submitting the theory that if they were only shooting to alarm deceased; or that if P. acted without justification and defendant did not know of such intent on the part of P. that defendant would not be guilty as principal, and to acquit him.

**7.—Same—Self-Defense—Charge of Court.**

If it be conceded that defendant who was charged with murder was entitled to a charge on self-defense, the same was correct.

**8.—Same—Charge of Court—Voluntarily Engaging in Combat.**

See opinion for facts which authorized the court to give a charge predicated on the proposition of defendant voluntarily engaging in combat knowing that it might or probably would result in the death or serious bodily harm of his adversary.

**9.—Same—Charge of Court—Retreat—Continuing Danger.**

Upon a trial for murder where the evidence showed that it was not necessary for defendant and his co-conspirator to arm themselves with ammunition, return to the scene of the difficulty and renew the shooting to protect themselves from danger, or apparent danger, but that the deceased and his companions were retreating and made no demonstrations to renew the difficulty, the court was not required to charge on the theory that the defendant had the right to return and renew the shooting.

Appeal from the District Court of Jones. Tried below before Hon. H. R. Jones.

Appeal from a conviction of murder in the first degree; penalty, imprisonment in the penitentiary for life.

The opinion states the case.

*Grogan & Scarborough,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of murder in the first degree, and his punishment assessed at confinement in the penitentiary for life; hence this appeal.

The homicide occurred in the town of Carney, Haskell County. Rob Walker, deceased, his brother, Tom Walker, and McCullough kept a restaurant, or lunch stand, and McKinney and Lester Power were publishing a newspaper; Power being the owner. The business part of the town was in one line of houses, extending along the street, from north to south. Walker & McCullough's store, was one hundred or one hundred and fifty feet north of the hotel and printing office. A number of stores and vacant lots intervened. The printing office

was situated next to the hotel and Hinds' store, in front of which
the parties who did the shooting stood on the night of the homicide.
The State's testimony tended to show that on some account, there
was a grudge existing between appellant and Lester Power on one
side and the Walkers and McCullough on the other. Some time in
the early part of the night, prior to the shooting, the parties, or some
of them, had an altercation, and some two or three hours later, it
was renewed in front of the hotel. Appellant and Lester Power act-
ing together went to the Hinds' store, got their guns, came out, and
shot at the Walkers, who retreated north toward their store; not being
armed at the time and firing no shots; that they could not get in at
their store (it being locked) and they came down in front of McFad-
den's drug store, the next door south. Tom Walker went into this
store, and his brother remained on the outside. Tom attempted to
get his brother to come in out of danger, as the parties were firing
in that direction. His brother started to retreat around the corner
of said store, when he was shot in the back,—the ball striking his
spinal column, which caused his death. The defendant's theory was
that after the difficulty in front of the hotel, they retired to the Hinds'
store, twelve or twenty steps off, to get their guns to protect them-
selves; and that as they came out of the store, as they had a right to
do for their protection, the firing began. They claimed that the par-
ties, after firing at them or they thought they were, they fired in
self-defense. It was further claimed by appellant that the testimony
showed that Lester Power fired the shot which killed Robert Walker,
and that the circumstances showed he was firing at random, and if
Power intended to kill deceased, he (McKinney) did not participate
in his intent. We think this a sufficient statement of the case to
present the matters discussed in the assignments.

The State was permitted to prove by Tom Walker, and other wit-
nesses, over appellant's objection, that on the night of the homicide,
and prior thereto, and near Ed Hinds' store in Carney, defendant
and Rob Walker were talking, and in said conversation called the
name of Frank McCullough, and McCullough being nearby, and hear-
ing his name called, started toward defendant, and said, "What is that
about McCullough?" Defendant then said to him, "You have been
talking about ladies of this town, and have talked about the Walker
boys, and you have got to leave this town." And McCullough said
in reply thereto, "You are a liar." Then defendant went up to Mc-
Cullough and slapped him in the face, and said "hike," and then
McCullough ran in the direction of Walker & McCullough restaurant,
and defendant shot at him with a pistol twice as he ran off.

This was objected to by appellant on the ground that the same was
irrelevant, immaterial and calculated to prejudice the rights of defend-
ant in this case. The court overruled the objections, and explains
that this evidence was admitted as a part of the res gestæ, because it
was shown that defendant had threatened to run Frank McCullough,

Tom Walker and Bob Walker (deceased) out of town, or he would kill them, and therefore tended to show the state of defendant's feelings toward McCullough and Walker at the time of the killing. This matter was connected with the difficulty, as it happened on the same night of the homicide, and it seems to have been a continuous affair, more or less, from this time or until the shooting occurred in which the homicide was committed. The explanation of the court in that connection, we think sufficiently shows a reason for its admission, even if it be conceded that the bill is otherwise sufficient, which we very much doubt. The objection urged is that it was immaterial, irrelevant and prejudicial, which cannot be considered as pointing out any real objection to the admission of this testimony. The statements in connection with the evidence do not show that the court acted improperly in its admission.

By appellant's next bill of exceptions, it seems that the State was permitted to prove that some time in August, prior to the difficulty, there was a difference of opinion, and some unpleasant feeling between Lester Power and Tom Walker and Rob Walker, about the privilege of selling drinks at a picnic. The bill does not show what the character of this difference was. If we recur to the evidence, it was of no particular significance, and what was introduced as to that transaction could not have possibly injured appellant. The court further explains that such evidence was admitted because it was shown that defendant and Power were acting together, and as tending to show the state of Power's feeling towards deceased. The evidence did show that the parties were acting together at the time of the homicide, and in fact they appear to have been co-operating during the entire altercation occurring that night. If, as the court states, the parties were acting together in pursuance of a conspiracy, the evidence complained of, even if it had any significance, may have been admissible as showing the animus actuating Lester Power, and that appellant participated with Power in his animus.

The third bill of exceptions shows that the State proved by Mrs. Hinds, that she was in the dining room of the hotel, at Carney, on the night of the homicide, and about two hours prior thereto, and just after some trouble between defendant and Charley Tankersley, L. H. Womble and Dr. Lewis brought defendant in the dining room, one of them holding each of defendant's arms, defendant said, "If you had let me alone I would have killed all of them." To the introduction of which evidence, defendant then and there objected, for the reason that the same was irrelevant, immaterial, and calculated to prejudice the rights of the defendant. The court explains this bill as follows: "This evidence was admitted after it had been shown that defendant had just had trouble with Charley Tankersley and Rob Walker (deceased), for the purpose of showing the state of his feelings toward deecased, and this statement was made by defendant after a gun had been taken from him." We presume appellant intended to object to

this evidence because the threat, if any, or the declaration, was not uttered against deceased. We take it, that it comprehended deceased. Evidently from the court's explanation there is no escape from this. The bill itself does not present any fact to show the inadmissibility of this testimony, and the bill should always be so full as to disclose error on the part of the court.

There are some exceptions urged in the statement of facts that perhaps are not presented in the bill of exceptions. But an examination discloses that the testimony was admissible which was complained of. Appellant was present and participated in the difficulty. In his exception, defendant's threat was unquestionably uttered against deceased, as he mentioned the Walker boys.

We think it was competent to show that the witness sold a pistol to Lester Power, prior to the shooting. He was evidently armed at the time. We think it would make very little difference where he got his arms: whether a gun or pistol.

It would make but little difference whether the testimony showed Lester Power surrendered his gun to the sheriff or whether the sheriff took the gun from him.

Appellant objected to the court's charge in the definition of principals. We think this charge is correct, and in accordance with our statute, and is applicable to this case.

Appellant complains because of the refusal of the court to give his special requested instruction, as follows: "Should you believe the defendant and Lester Power began shooting toward deceased and his brother, but that they were not intending to shoot deceased or his brother, or any other person, but were only shooting with the intention of alarming them, and that such shooting was so continued with only such intent on the part of defendant, but in the course of said shooting said Lester Power intentionally, and without justification, shot and killed deceased, and you do not believe beyond a reasonable doubt that defendant knew of such intent on the part of said Lester Power to shoot deceased at said time, then defendant would not be guilty as a principal in the commission of said offense, and you will acquit him." We do not believe this charge was called for by any testimony delivered in the case. All the testimony shows that the parties were acting together; that they were firing in the direction of deceased and where he was ultimately killed; that they kept up the firing until they exhausted their ammunition; that they returned to the store, got more ammunition, and came back and continued firing until they killed deceased. So we fail to see how a charge of this character was called for.

We make the same observations with reference to the exception of appellant to the court's charge, because of its failure to announce the principles suggested in the above requested charge.

We think the court's charge on self-defense was correct, if it be conceded that appellant was entitled to such a charge.

We also believe that the court was authorized to give a charge predicated on the proposition of appellant voluntarily engaging in a combat, knowing that it might or probably would result in the death or serious bodily harm of his adversary.

In our opinion, the court' was not required to instruct the jury that defendant had the right, after retreating, to arm himself with ammunition and return to the scene of the difficulty and renew the shooting. It does not occur to us that the testimony discloses that this action on his part was rendered necessary in order to protect himself from danger or apparent danger. Indeed, it seems to us, after the retreat of said parties, when appellant and Lester Power returned from the store with their guns, there was no such acts or demonstrations on the part of the two Walker boys which caused appellant to believe that he was in any danger. Nor do we believe that there was any evidence which shows that deceased or his brother renewed or attempted to renew the difficulty, or fired any shots at any time during the difficulty.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

Brooks, Judge, absent.

[Motion for rehearing overruled without written opinion.—Reporter.]